UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In re<br><br>DARREN S. COCREHAM,<br><br>      Debtor. | Case No. 13-26465-A-13J<br><br>Docket Control No. PGM-2<br><br>Date: August 12, 2013<br>Time: 2:00 |

**MEMORANDUM**

This Memorandum is written to emphasize several points of procedure and evidence, and to make the court's findings and conclusions as to the value of the debtor's residence in Pilot Hill, California.

In connection with the debtor's effort to confirm a plan, on June 24, 2013, the debtor filed a motion to value his home. The motion is supported by the debtor's declaration which establishes his ownership of the property and that the property is encumbered by two deeds of trust. The senior lien, held by Ocwen, secures a claim of approximately $334,779.40, and the junior lien is held by the respondent to the valuation motion, David Koutney. Mr. Koutney's claim is approximately $54,720.66.[1]

---

[1] In Mr. Koutney's motion for relief from the automatic stay, Docket Control No. JMO-1, he asserts that he is owed $55,247.71, and his proof of claim asserts that he is owed $58,547.71. Whether he is owed $54,720.66 or $58,547.71, or any other amount is not material to the resolution of the valuation motion.

Case 13-26465   Filed 08/23/13   Doc 75

The debtor also opines in his declaration that the subject property has a value of $300,000. Based on this value and the amount owed to Ocwen, Mr. Koutney's junior lien is "out of the money" and the application of 11 U.S.C. § 506(a), as interpreted by the Ninth Circuit in <u>In re Zimmer</u>, 313 F.3d 1220 (9th Cir. 2002) and <u>In re Lam</u>, 211 B.R. 36 (B.A.P. 9th Cir. 1997), means that his lien can be "stripped off" the debtor's home and his claim can be treated as an unsecured claim in this case.

However, Mr. Koutney opposed the valuation motion, contending that the home had a value of between $575,000 and $450,000. At either of these values, there is equity in the property after deducting the amount owed to Ocwen. In this circumstance, the debtor cannot utilize section 506(a) to eliminate or reduce Mr. Koutney's secured claim. <u>See</u> <u>Nobelman v. American Savings Bank</u>, 508 U.S. 324 (1993).

The $575,000 value is based on the expert opinion of Hassan Sabbagh, a real estate broker from the Santa Clara area. The lower value is based on the expert opinion of Toni Williams, also a real estate broker. While both brokers prepared written broker's price opinions ("BPOs"), only the BPO prepared by Mr. Hassan was filed with the declarations of the brokers.

On July 15, the debtor filed a reply to Mr. Koutney's opposition to the valuation motion. Given the conflict in the evidence concerning the value of the home, the debtor requested an evidentiary hearing. <u>See</u> Fed. R. Bankr. P. 9014(d); Local Bankruptcy Rule 9014-1(g).

On July 19, after the time for filing a reply had expired, and after the court had posted on the court Internet site a final

2

ruling continuing the motion for an evidentiary hearing, the debtor filed a declaration by David LaBella, a certified appraiser. Mr. LaBella opined that the home had a value of $275,000.

The late filing of Mr. LaBella's appraisal apparently prompted Mr. Koutney to go out and retain his own appraiser. And, on August 7, he filed the declaration of Renee Henry who appraised the home at $340,000.

I

Although it is not apparent from the foregoing recitation of the procedural history of the motion, this court has a local rule that prescribes an exact schedule for noticing a motion for hearing, and for filing opposition to the motion and a reply to any opposition.

A moving party is given the option of setting a hearing on a motion with 14 or 28 days of notice. See Local Bankruptcy Rule 9014-1(f). If 14 days of notice of the hearing is given, the respondent is not required to file a written response to the motion. Instead, the respondent may appear at the hearing, raise opposition orally, and if the court concludes that the opposition warrants further briefing, a schedule is set for filing evidence and briefs and a final hearing calendared. See Local Bankruptcy Rule 9014-1(f)(2).

If the moving party gives at least 28 days of notice of the hearing on the motion, the respondent is required to file written opposition to the motion 14 days prior to the hearing and the
///

debtor must file any reply 7 days prior to the hearing.  See Local Bankruptcy Rule 9014-1(f)(2).

In this case, the debtor gave at least 28 days of notice of the July 22 hearing on the motion.  This meant that all opposition had to be in writing and filed and served by July 8, and any reply was due no later than July 15.

Mr. LaBella's reply declaration was filed on July 19, and Ms. Henry's opposition declaration was filed on August 7.  Both were untimely and neither will be considered by the court.

It is not uncommon for a respondent to a valuation motion to have difficulty filing timely opposition when it is necessary to obtain an appraisal.  For that reason, as long as the respondent files a written request no later than 14 days prior to the hearing, the deadline set by the local rule for filing opposition, the court will continue the hearing and set new deadlines for filing opposition and a reply.

Neither the respondent nor the debtor asked for more time to file evidence or briefs.

II

As noted above, the debtor requested an evidentiary hearing in his reply.  Because there was a material dispute as to the value of the property, the court continued the July 22 hearing to August 12 in order to hear from the witnesses whose written testimony was in conflict, the debtor, Mr. Sabbagh, and Ms. Williams.  Each had offered differing opinions regarding the value of the debtor's home.

///

4

However, both parties took the continuance as license to augment the written record with additional declarations from more experts. Each filed a declaration from an expert after the deadline for filing opposition and a reply. To the extent Ms. Henry's declaration was meant to be a sur-reply, Local Bankruptcy Rule 9014-1(f)(1) does not permit sur-replies.

When the court sets an evidentiary hearing on a disputed motion, the court will hear only from the witnesses for whom the parties have filed timely declarations. The setting of an evidentiary hearing does not somehow authorize the parties to file additional evidence outside of the briefing schedule mandated by Local Bankruptcy Rule 9014-1(f)(1).

Therefore, at the evidentiary hearing, the court was prepared to hear testimony from the debtor, Ms. Williams, and Mr. Sabbagh regarding the value of the property.

A

The debtor, however, objected to the testimony of Mr. Williams because her BPO had not been filed with her declaration. That objection was sustained. When an expert has prepared a report, and witness' testimony makes reference to the report and repeats its content, the report must be filed. See Fed. R. Evid. 705, 801, 1002.

B

As the owner of the home in Pilot Hill, the debtor was competent to offer a lay opinion as to its value. See Fed. R. Evid. 701; So. Central Livestock Dealers, Inc., v. Security State

Bank, 614 F.2d 1056, 1061 (5th Cir. 1980). The debtor, however, was not qualified as an expert and so he could not testify as to the types of information that an appraiser would reply upon to determine value. See Fed. R. Evid. 701, 702. "For example, the average debtor-homeowner who testifies in opposition to a motion for relief from the § 362 automatic stay, should be limited to giving his opinion as to the value of his home, but should not be allowed to testify concerning what others have told him concerning the value of his or comparable properties, unless the debtor truly qualifies as an expert under Rule 702 such as being a real estate broker, etc." Barry Russell, Bankruptcy Evidence Manual, Vol. II, § 701.2, p. 784-85 (2012-13).

Therefore, while the court has considered the debtor's opinion that the property has a value of $275,000, it will not consider his statements regarding other comparable properties.

Because only an expert qualified under Fed. R. Evid. 702 may rely on and testify as to facts "of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject. . .", when an expert offers an opinion of value, the lay opinion of the debtor typically is found to be less credible. See Fed. R. Evid. 703. See e.g., In re Wilson, 378 B.R. 862 (Bankr. D. Mont. 2007). This case, however, is one of the rare cases where the court concludes the debtor's opinion will carry the day even though an expert has offered a different opinion.

///
///
///

C

Mr. Koutney also attempted to testify regarding the value of the home. But, because he is neither the owner of the property nor was there any foundation for concluding he was an expert, the court sustained the debtor's objection to his testimony. See Fed. R. Evid. 701, 702.

D

Both the debtor and Mr. Koutney attempted to introduce valuation evidence based on reports from "zillow.com" and other similar Internet based sources. This evidence was not admissible. It is hearsay. See Fed. R. Evid. 801.

And, while Fed. R. Evid. 803(17) excepts from the hearsay rule market compilations generally used and relied upon by the public, no foundation was laid establishing that the values reported by these Internet sites meet this criteria.

The court doubts that such a foundation could be laid. As courts have noted, zillow.com is "inherently unreliable." "Zillow is a participatory site almost like Wikipedia. Whereas Wikipedia allows anyone to input or change specific entries, Zillow allows homeowners to do so. A homeowner with no technical skill beyond the ability to surf the web can log in to Zillow and add or subtract data that will change the value of his property." See In re Darosa 442 B.R. 173, 177 (Bankr. D. Mass. 2010). See also In re Phillips, 491 B.R. 255, 260 (Bankr. D. Nev. 2013). For this reason, reports such as Zillow are not compilations made admissible by Fed. R. Evid. 803(17). Id.

E

That left the expert testimony of Mr. Sabbagh. The court, however, concludes that his testimony is not credible.

First, his experience includes no valuations in the Pilot Hill area. He is a real estate broker from the Santa Clara area. While he indicated he was involved in real estate transactions in the Sacramento area, Pilot Hill is in a rural and remote area of El Dorado County. It has little in common with the Sacramento area.

Second, his methodology was suspect. He simply looked for residential properties that were situated near the subject property. He made no adjustments to the listing price or sales price to account for differences in the properties.

Third, his comparable properties included listings, not just actual sales. In the court's experience, a seller frequently is willing to accept less than the asking price (particularly so for the last several years).

III

Therefore, the court finds and concludes that the fair market value of debtor's residence is $300,000. It is encumbered by a first deed of trust held by Ocwen. The first deed of trust secures a loan with a balance of approximately $344,779.40. As a result, Mr. Koutney's claim secured by a junior deed of trust is completely under-collateralized. No portion of this claim will be allowed as a secured claim. See 11 U.S.C. § 506(a). Mr. Koutney's deed of trust will remain of record until the plan is completed. This is required by 11 U.S.C. § 1325(a)(5)(B)(i).

Once the plan is completed, if the respondent will not reconvey its deed of trust, the court will entertain an adversary proceeding.

Dated: 23 Aug 2013

By the Court

Michael S. McManus, Judge
United States Bankruptcy Court

**CERTIFICATE OF MAILING**

I, Susan C. Cox, in the performance of my duties as a judicial assistant to the Honorable Michael S. McManus, mailed by ordinary mail to each of the parties named below a true copy of the attached document.

Jan Johnson
PO Box 1708
Sacramento, CA 95812

Peter Macaluso
7311 Greenhaven Dr #100
Sacramento, CA 95831

John O'Donnell
915 University Ave
Sacramento, CA 95825

Dated: August 23, 2013

_____
Susan C. Cox
Judicial Assistant to Judge McManus